IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **COREY DEVELL GREENE,** | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | NO. 3:24-cv-01153 |
| **STATE OF TENNESSEE,** | ) ) | JUDGE CAMPBELL |
| Respondent. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Corey Greene is a pretrial detainee in the custody of the Davidson County Sheriff's Office. He filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.) Because the IFP application complies with Rule 3(a)(2) of the Rules Governing § 2254 Cases ("Habeas Rules")[1] and demonstrates that Petitioner cannot reasonably afford the five-dollar filing fee, the IFP application (Doc. No. 2) is **GRANTED**.

The Petition is now before the Court for initial review.

**I. INITIAL REVIEW**

**A. Legal Standard**

Rule 4 of the Habeas Rules requires the Court to examine the Petition to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4. The Court is not only "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face,"

---

[1] These Rules apply to Section 2241 cases as well as Section 2254 cases. *See* Habeas Rule 1(b).

*McFarland v. Scott*, 512 U.S. 849, 856 (1994), but "has a duty to screen out" such petitions. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citing 28 U.S.C. § 2243).

**B. The Petition**

The Petition challenges the legality of proceedings in Davidson County case number 2023-A-176. (Doc. No. 1 at 2.) In that case, Petitioner is charged with two counts of aggravated assault with a deadly weapon and one count of felon in possession of a firearm. *See* https://sci.ccc.nashville.gov/Search/CaseSearchDetails/2324419%5E5666376%5ECJIS/COREY%5EGREENE%5E12191978%5E188878/ (last visited July 17, 2025).[2] Petitioner asserts his rights to a speedy trial and to be free from excessive bail, as well as his rights to due process and the effective assistance of counsel. (Doc. No. 1 at 6–8.) He appears to have been jailed on the pending charges since late 2022, during which time he has endured "constant continuances and deliberate withdrawal by counsel," as well as "false indictments and affidavits." (*Id.* at 7.) Petitioner has filed motions in the trial court (which he states were not heard) raising speedy trial, excessive bail, ineffective-assistance-of-counsel, defective indictment, and false evidence concerns (*id.* at 2), and he has filed two complaints with the Tennessee Board of Professional Responsibility (TBPR) concerning his counsel's performance with respect to speedy trial and suppression issues. (*Id.* at 3.) He asks this Court for "[d]ismissal of [the State's] case for failure to prosecute and immediate release." (*Id.* at 8.)

---

[2] The Court may take judicial notice of such facts. *See* Fed. R. Evid. 201 (allowing judicial notice of adjudicative facts at any stage of the proceedings); *see also Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999) ("[F]ederal courts may take judicial notice of proceedings in other courts of record." (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969))).

**C. Analysis**

Petitioner challenges the legality of his pretrial detention under 28 U.S.C. § 2241, which authorizes the Court to entertain a habeas application from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 petitions filed while state charges are still pending are typically dismissed as premature, unless they present exhausted claims that the proceedings violate double jeopardy or speedy trial rights, *Ealy v. Schrand*, No. CV 2:20-21-DCR, 2020 WL 1031026, at *1–2 (E.D. Ky. Mar. 3, 2020) (citing, *e.g.*, *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) and *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17–18 (1st Cir. 2000)), or that the setting of bail pending trial was unreasonable. *Atkins*, 644 F.2d at 549. While "[a] state pretrial detainee may bring a federal habeas action to demand a speedy trial" pursuant to Section 2241, he "may not generally seek habeas relief to forestall state prosecution altogether." *Abernathy v. U.S. Marshal Serv.*, No. 2:08-CV-14663, 2008 WL 4858442, at *1 (E.D. Mich. Nov. 10, 2008) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–91 (1973)).

Even when a colorable Section 2241 claim is presented, the Court must abstain from exercising habeas jurisdiction as a matter of comity "if the issues raised in the petition may be resolved either by trial on the merits or by other available state procedures." *Abernathy*, 2008 WL 4858442, at *1 (citing *Atkins*, 644 F.2d at 546). "Intrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Atkins*, 644 F.2d at 546; *see Younger v. Harris*, 401 U.S. 37, 45 (1971). The requirement that a federal habeas petitioner first exhaust his available state remedies is thus "especially forceful in a situation involving a speedy trial claim," because the remedy for such a violation will either involve dismissal of the indictment (if the petitioner establishes that the delay has prejudiced his defense) or a federal order requiring the state to bring

3

the petitioner promptly to trial—remedies which "could not be more disruptive of pending state actions." *Atkins*, 644 F.2d at 546–47.

Here, although the Petition refers to a motion filed in the trial court and two complaints filed before the TBPR, it does not demonstrate that Petitioner "availed himself fully of the state machinery in attempting to have the state commence trial on the charges pending against him," as required to properly exhaust a speedy trial claim. *Atkins*, 644 F.2d at 547. In particular, the Petition does not suggest that Petitioner appealed from the trial court's denial of his speedy-trial motion or, if the motion was "not heard" (Doc. No. 1 at 2), that he sought mandamus or other relief in the Tennessee Court of Criminal Appeals to remedy the trial court's failure to rule.

By way of comparison, the Supreme Court has found the exhaustion requirement met where the claimant demonstrated that he had made "repeated demands for trial to the courts of Kentucky, offering those courts"—trial and appellate—"an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial." *Braden*, 410 U.S. at 490 (noting that "[i]t is important that petitioners reach state appellate courts" in their efforts to exhaust). And the Sixth Circuit has found an unreasonable bail claim exhausted only after the claimant appealed the matter to the intermediate state appellate court and sought leave to further appeal to the state supreme court. *Atkins*, 644 F.2d at 550. Here, the Petition fails to support an inference that Petitioner's speedy-trial or excessive-bail claims have been fully exhausted.

The Petition's due process claim based on "false indictments and affidavits" (Doc. No. 1 at 7) and its ineffective-assistance claim based on counsel's alleged lack of communication or work product and his eventual withdrawal from the representation (*id.* at 8), even if colorably stated, are not properly before the Court in this pretrial habeas case and will therefore be dismissed. As this Court has previously stated:

    As to both Petitioner's due process claim and his ineffective-assistance claim, moreover, a Section 2241 habeas petition is not the proper vehicle to consider these claims. That is because they "fall within the rule that federal courts generally abstain from intervening in pending state proceedings to address issues that 'may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner.'" *MPawinayo v. Hall*, No. 3:20-cv-01097, 2021 WL 1984944, at *2 (M.D. Tenn. May 18, 2021) (citing *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981)) (rejecting pretrial detainee's federal habeas claims of ineffective assistance and "prosecution by valid indictment or presentment"). If Petitioner is convicted in state court, he may bring due process and/or ineffective-assistance claims in a federal habeas petition filed under 28 U.S.C. § 2254, following the proper exhaustion of state court remedies for those claims. *See Gully v. Kunzman*, 592 F.2d 283, 287–88 (6th Cir. 1979) (rejecting due process claim in pretrial habeas petition because "post-conviction habeas corpus remedies are available in the federal courts" "[a]fter exhaustion of remedies in the state courts"); *Williams v. Burt*, 949 F.3d 966, 969 (6th Cir. 2020) (addressing ineffective-assistance-of-counsel claim brought in "a petition for relief under 28 U.S.C. § 2254" "[f]ollowing [petitioner's] state court proceedings"). In this pretrial habeas proceeding, however, these two claims will be summarily dismissed.

*Taylor v. Hall*, No. 3:22-CV-00616, 2022 WL 6225465, at *2 (M.D. Tenn. Oct. 7, 2022).

In sum, given the ongoing proceedings against Petitioner in state court and his failure to exhaust available remedies there, the Court cannot find that his "only recourse was to the federal courts by way of a petition for habeas corpus." *Atkins*, 644 F.2d at 550. Accordingly, the Court must refrain from exercising jurisdiction under Section 2241.

## II. CONCLUSION

As explained above, upon initial review of the Petition it plainly appears that Petitioner is not entitled to habeas relief in district court at this time. Further proceedings in this Court are not warranted.

Accordingly, this case is **DISMISSED** as premature, without prejudice to Petitioner's ability to refile a habeas petition after fully exhausting his state remedies.

Because "a plain procedural bar is present" in this case and jurists of reason could not find that it was incorrectly invoked or that Petitioner should be allowed to proceed further, no certificate

of appealability shall issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). For the same reasons, the Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE